UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LETISHA S. GAMBLE, Individually, and

LETISHA S. GAMBLE, as Mother and
Natural Guardian of E. M., an Infant,

                  Plaintiffs,

   -vs-

RUMPKE TRANSPORTATION LLC,
RUSSELL EDWARD HAYES,
DARNELL W. MOORE,
PV HOLDING CORP.,

                  Defendants.

**COMPLAINT and
DEMAND FOR JURY TRIAL**

**Civil Action No.:**

---

## COMPLAINT AND JURY DEMAND

The Plaintiffs by and through their attorneys, Andrews, Bernstein, Maranto & Nicotra, PLLC, complaining of the defendants herein, respectfully allege to this Court and DEMAND TRIAL BY JURY:

## NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by the Plaintiffs as against the Defendants arising out of a motor vehicle accident on June 9, 2020 in the City of Conneaut, County of Ashtabula, State of Ohio, between a tractor trailer operated by Defendant Russell Edward Hayes and owned by Rumpke Transportation LLC, and a motor vehicle operated by Darnell W. Moore and owned by PV Holding Corp., which Plaintiffs Letisha S. Gamble and E. M., an Infant were passengers in. The Defendants' negligence was the cause of the Plaintiffs' injuries.

## VENUE AND JURISDICTION

2. This court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) where the subject accident involves parties of different states.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to said claim occurred in said district.

4. The amount in controversy exceeds $150,000.00 in that the Plaintiff' Letisha Gamble's right shoulder, head and spinal injuries and infant plaintiff E.M.'s spinal injuries exceed that amount.

## PARTIES

5. Plaintiff Letisha S. Gamble is an individual citizen of New York.

6. Plaintiff E. M., an Infant is an individual citizen of New York.

7. Defendant Russell Edward Hayes is an individual citizen of New York.

8. Defendant Rumpke Transportation LLC is an Ohio domestic limited liability company.

9. Defendant Russell Edward Hayes was at all relevant times, upon information and belief, an employee of defendant Rumpke Transportation LLC.

10. Defendant Darnell W. Moore is an individual citizen of New York.

11. Defendant PV Holding Corp. is a Delaware Corporation.

## FACTS

12. On or about the June 9, 2020 at approximately 12:24 p.m. Defendant Russell Edward Hayes was operating a motor vehicle owned by Rumpke Transportation LLC.

13. At all relevant times, upon information and belief, Defendant Russell Edward Hayes was operating the motor vehicle with the permission, consent and direction of Rumpke Transportation LLC in the course, furtherance and scope of his employment therewith.

14. On or about that date, Defendant Russell Edward Hayes was operating the motor vehicle bearing Ohio license plate number PWC6844 on Interstate 90 eastbound near MM 243.6 in the City of Conneaut, County of Ashtabula, State of Ohio.

15. On or about the June 9, 2020 at approximately 12:24 p.m. Defendant Darnell W. Moore was operating a motor vehicle owned by PV Holding Corp.

16. At all relevant times, upon information and belief, Defendant Darnell W. Moore was operating the motor vehicle with the permission and consent of PV Holding Corp.

17. On or about that date, Defendant Darnell W. Moore was operating the motor vehicle bearing New York license plate number JBC4795 on Interstate 90 eastbound near MM 243.6 in the City of Conneaut, County of Ashtabula, State of Ohio.

18. On or about that date Plaintiff Letisha S. Gamble was a passenger of said vehicle being operated by Defendant Darnell W. Moore.

19. On or about that date Plaintiff E. M., an Infant was a passenger of said vehicle being operated by Defendant Darnell W. Moore.

20. On or about that date, defendants negligently operated their motor vehicles, causing them to collide.

21. As a result of the collision, the Plaintiffs were caused to sustain serious personal injuries.

## CLAIM FOR NEGLIGENCE

22. The above occurrence and results thereof were in no way due to any negligence on the part of the Plaintiffs contributing thereto, but were caused by the negligence of the Defendants in the ownership, operation, management, maintenance and control of their motor vehicles, in operating same without due regard to the rights and safety of the Plaintiffs in operating said motor vehicles in a manner which unreasonably endangered the Plaintiffs; in violating Ohio Revised Code Section 4511.33(A)(1) and New York Vehicle and Traffic Law Section 1128(a) by failing to stay in their lanes; in failing to properly steer, guide, manage, and control the said motor vehicles; in failing to properly signal or change lanes; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions; in failing to observe signs and signals prevailing at the time and place of occurrence; in failing to keep a proper lookout when controlling said motor vehicles; in failing to properly maintain said vehicles according to law; in failing to give adequate and timely signal, notice or warning; in operating said motor vehicles in a reckless manner; in operating their vehicles in violation of the traffic rules, regulations, statutes, and ordinances in such cases made and provided; in negligently hiring the Defendant Russell Edward Hayes; in negligently entrusting the aforementioned vehicle to Defendant Russell Edward Hayes; in negligently entrusting the aforementioned vehicle to Defendant Darnell W. Moore; and in being otherwise careless, reckless and negligent in the ownership, maintenance, operation and control of their said motor vehicles.

## INJURIES CLAIMED

23.   That as a result of the foregoing the Plaintiffs sustained serious personal injuries as defined by Section 5102(d) of the Insurance Law of the State of New York.

24.   That by reason thereof, the Plaintiffs are entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss, as set forth in Section 5102(a) of the Insurance Law of the State of New York.

25.   That the Plaintiffs are covered persons within the definition of Section 5201(j) of the Insurance Law of the State of New York.

26.   The foregoing action comes within one or more exceptions set forth in CPLR Section 1602.

27.   That because of the above-mentioned occurrence, the Plaintiffs were caused to sustain serious personal injuries and to have suffered shock, pain and mental anguish and, upon information and belief, all of Plaintiffs' injuries and their effects will be permanent; and that as a result of said injuries Plaintiffs have been and will continue to be obliged to incur expenses for medical care and attention; and Plaintiffs have been and will continue to be rendered unable to perform their normal activities and have sustained a resultant loss therefrom and their injuries are permanent, protracted and disabling all to their damage in an amount exceeding $1,000,000.00 for each Plaintiff.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, jointly and severally, for damages, costs, and attorney's fees.

DATED:   June 8, 2022
         Buffalo, New York

**ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC**

<u>/s/ Andrew J. Connelly</u>
Andrew J. Connelly, Esq.
Attorney for Plaintiffs
420 Franklin Street
Buffalo, New York 14202
Telephone: (716) 842-2200
